HARLEY E. MATHEWSON, Appellant, *vs.* ELIZABETH T. MATHEWSON, Appellee.

Under Pub. Stat. R. I. cap. 185, § 4, which provides that if there be no children nor their descendants the Court of Probate may set off to the widow such part of her late husband's realty, not required for the payment of his debts, as may be suitable for her support, . . . to be held by her in addition to her dower, upon the same terms and conditions and for the same period as she holds her estate of dower:

*Held,* that the Probate Court had no jurisdiction to set off such realty until after an assignment of dower had been made.

APPEAL from the Probate Court of the town of Johnston.

*October* 22, 1887.  DURFEE, C. J.  This is an appeal from a decree of the Court of Probate of the town of Johnston setting off to Elizabeth, widow of Benoni Mathewson, late of said town, all the real estate which he had at his decease.  The decree was made on petition of the widow under Pub. Stat. R. I. cap. 185, § 4, which provides that if there be no children nor their descendants living at the decease, " the Court of Probate shall allow and set off to the widow such portion of the real estate of her deceased husband, which shall not be required for the payment of debts, as may be suitable for her situation and support, and be in accordance with the circumstances of the estate, and such widow shall hold such real estate, in addition to her dower, upon the same terms and conditions and for the same period as she holds her estate of dower."  The decree, after reciting that there were no children nor their descendants, that none of the real estate will be required for the payment of debts, and that the whole of it is suitable for the situation and support of the widow, etc., orders and adjudges that the whole " be and is hereby allowed and set off to said Elizabeth T. Mathewson, in addition to her dower, upon the same terms and conditions and for the same period as

she holds her estate of dower." The case is before us now on motion of the appellant to dismiss the proceedings on the ground that the Court of Probate had no jurisdiction in the premises until after an assignment of dower to the widow.

We think the motion must be granted. The language of the statute is that the court shall set off "such portion of the real estate," etc., and "such widow shall hold such real estate, in addition to her dower, upon the same terms," etc., "as she holds her estate of dower." The widow cannot hold such portion "in addition to her dower" on the same terms as "she *holds* her estate of dower," until her estate of dower has come into existence by assignment. Her dower until assigned is a mere right of action, and previous to the assignment it cannot be known what part of the estate will remain out of which the additional portion can be set off. It is argued that it is unnecessary to have the dower assigned and the portion set off by distinct proceedings when the whole estate is going to be awarded to the widow as dower, and as "suitable portion" in addition to dower. There might be force in this argument if the statute did not provide for distinct proceedings, with distinct appeals therefrom, when both proceedings originate in the Court of Probate; but such being the statute the argument cannot avail. If the dower were first assigned, it may be that the heir would abide by the assignment without appeal, his only objection being to the portion subsequently set off in addition, and he is entitled not to have the two matters complicated by confounding them together.

The proceeding is dismissed as premature.